In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1001

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PETER BARBERG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 91 CR 558—**Charles R. Norgle, Sr.**, *Judge.*

SUBMITTED SEPTEMBER 24, 2002—DECIDED NOVEMBER 26, 2002

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Peter Barberg was convicted of
two counts of sexual assault in violation of 18 U.S.C.
§§ 2242(2) & 2244(a) and sentenced to concurrent prison
terms to be followed by concurrent terms of supervised
release. At the conclusion of his prison terms in Decem-
ber 1997, he commenced his supervised release terms. In
March 1998, Barberg was arrested in Chicago for failure
to register as a sex offender under Illinois' Sex Offender
Registration Act ("SORA"), 730 ILL. COMP. STAT. § 150/10.
Consequently, the district court revoked Barberg's super-
vised release. Barberg disputes his duty to register under
SORA and appeals the revocation of his supervised re-
lease. Because he is clearly required to register under
SORA, and his failure to do so is adequate grounds for

revocation of his supervised release, we affirm the order of the district court.

## BACKGROUND

On September 29, 1989, Peter Barberg boarded an American Airlines flight in Sacramento, California, bound for Chicago, Illinois. During a scheduled stopover in San Francisco, California, Barberg observed an eighteen-year-old female board the aircraft and sit in a window seat across the aisle and several rows behind him. Barberg moved from his assigned seat to the unoccupied middle seat located next to the woman. Shortly after takeoff, as she slept, Barberg sexually assaulted her.

Barberg was charged with one count of Sexual Abuse Aboard an Aircraft in violation of 18 U.S.C. § 2242(2) and one count of Abusive Sexual Contact Aboard an Aircraft in violation of 18 U.S.C. § 2244(a). A jury convicted him of both counts on July 27, 1995, and the district court sentenced him on January 17, 1996, to concurrent prison terms of seventy-eight months for count I and thirty-six months for count II and to concurrent terms of supervised release of three years for count I and one year for count II.

One condition of Barberg's supervised release was that he abide by all lawful directions of his probation officer. Upon Barberg's release from prison and commencement of his concurrent terms of supervised release, on December 12, 1997, the United States Probation Officer assigned to Barberg's case instructed him to register as a sex offender in Illinois pursuant to SORA.

In March 1998, Barberg was arrested for failing to register as a sex offender under SORA. Barberg's probation officer requested a rule to show cause and a warrant issue for violation of the conditions of his supervised release, and on March 31, 1998, the district court issued a bench

warrant. The state court found Barberg unfit to stand trial for the failure to register charge and remanded him to a state mental health facility where he was confined from September 1998 to October 2001. On October 2, 2001, Barberg was released into federal custody.

The district court found that Barberg violated a condition of his supervised release by failing to register as a sex offender under SORA, as the plain language of the statute required him to register within ten days of his December 12, 1997, release. The district court then revoked Barberg's supervised release and ordered that he remain in the custody of the United States Bureau of Prisons until January 2, 2002. *United States v. Barberg*, Mem. Op. & Order, Dec. 10, 2001.

Barberg now appeals.

## ANALYSIS

The only issue raised by Barberg on appeal is whether SORA requires him to register as a sex offender. We review the district court's statutory interpretation of SORA *de novo*. *United States v. Lee*, 78 F.3d 1236, 1239 (7th Cir. 1996).

Prior to January 1, 1996, Illinois' Child SORA required registration of sex offenders whose victims were minors or who had been adjudicated as "sexual predators" or "sexually dangerous persons." Effective January 1, 1996, Child SORA was renamed SORA and amended to require registration of a broader class of sex offenders, including those whose crimes involved adult victims.[1] Section 150/3 of the revised and amended SORA, in effect at the

---

[1] This expansion of the class of offenders required to register applied retroactively to all sex offenders whose registration liability had not expired, pursuant to SORA § 150/7, prior to January 1, 1996.

time of Barberg's March 1998 arrest, sets forth a sex of-
fender's duty to register. Section 150/3(c) provides, in per-
tinent part, as follows:

> (c) The registration for any person required to regis-
> ter under this article shall be as follows:
>
>> (2) except as provided in subsection (c)(4), any per-
>> son convicted or adjudicated prior to January 1,
>> 1996, whose liability for registration under Sec-
>> tion 7[730 ILCS § 150/7] has not expired, shall reg-
>> ister in person prior to January 31, 1996;
>>
>> (3) except as provided in subsection (c)(4), any
>> person convicted on or after January 1, 1996, shall
>> register in person within 10 days after the entry
>> of the sentencing order based upon his or her con-
>> viction;
>>
>> (4) any person unable to comply with the regis-
>> tration requirements of this Article because they
>> are confined, institutionalized, or imprisoned in
>> Illinois on or after January 1, 1996, shall register
>> in person within 10 days of discharge, parole or
>> release.

Barberg contends that he is not required to register be-
cause he was convicted prior to January 1, 1996. Specifi-
cally, he asserts, and this Court agrees, that subsection
150/3(c)(3) does not apply to his 1995 conviction. How-
ever, he is still required to register under subsection
150/3(c)(2).[2]

At the time of his pre-1996 conviction, Barberg's liability
for registration had not yet taken effect, nor had it yet

---

[2]  Barberg does not explicitly contest his liability for registration
under subsection 150/3(c)(2). It appears that he has ignored this
subsection entirely.

expired pursuant to § 150/7.[3] His liability for registration was not to expire until the ten-year anniversary of the commencement of his concurrent terms of supervised release. Furthermore, due to his incarceration, subsection 150/3(c)(2) required him to register not by January 31, 1996, the date specified therein, but rather within ten days of his release from prison as provided in subsection 150/3(c)(4), or December 22, 1997. Reading subsections 150/3(c)(2)-(4) together, it is clear that the date of Barberg's conviction is relevant for the purpose of determining *when*—not whether—he was required to register. Understood in the context of the 1996 amendments to SORA, the January 31, 1996, date is merely a deadline by which offenders to whom the amended SORA applies retroactively must register. That Barberg's 1995 conviction predates the date of applicability of subsection 150/3(c)(3) does not somehow exempt him from registration

---

[3]  As it applies to Barberg, that section provides, in relevant part, as follows:

> Sec. 7. Duration of registration. Any other person who is required to register under this Article shall be required to register for a period of 10 years after conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility, and if confined, for a period of 10 years after parole, discharge or release from any such facility. Liability for registration terminates at the expiration of 10 years from the date of conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility and if confined, at the expiration of 10 years from the date of parole, discharge or release from any such facility, providing such person does not, during that period, again become liable to register under the provisions of this Article. The Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender who fails to comply with the provisions of this Article. 730 I.L.C.S. § 150/7.

under subsection 150/3(c)(2), as he would have us believe. In short, Barberg's argument fails due to its misplaced reliance on a nonexistent statutory loophole.

The district court correctly determined that Barberg is required to register under SORA and properly revoked his supervised release. We also point out that, by the terms of SORA § 150/7, Barberg's failure to register may subject him to a ten-year extension of his registration period by the Director of State Police.

### CONCLUSION

Peter Barberg's failure to register as a sex offender within ten days of the commencement of his supervised release constituted a violation of both Illinois' Sex Offender Registration Act and the terms of his supervised release. We therefore AFFIRM the district court's revocation of his supervised release and determination that he is required to register under SORA.

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*